UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

LESTER JON RUSTON,                                    Case No. 14-CV-1891 (JRT/FLN)

                Petitioner,

v.                                                    REPORT AND RECOMMENDATION

WARDEN B.R. JETT,

                Respondent.

---

This matter is before the undersigned United States Magistrate Judge on petitioner Lester Jon Ruston's amended petition for a writ of habeas corpus, brought under 28 U.S.C. § 2241. *See* ECF No. 2. The petition has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. This Court has conducted a preliminary review of Ruston's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Based on that review, this Court recommends dismissal of the petition.

Ruston was indicted in the United States District Court for the Northern District of Texas on one count of threatening a federal official in violation of 18 U.S.C. § 115. *See United States v. Ruston*, No. 3:04-cr-00191-D-1 (N.D. Tex. filed May 24, 2004). Ruston and the government stipulated that although Ruston's actions satisfied the elements of the offense under § 115, he should nevertheless be found not guilty by reason of insanity. *Id.* The court agreed

---

[1]Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although Ruston seeks relief under 28 U.S.C. § 2241, the Rules Governing Section 2254 Cases nevertheless apply here. *See* Rule 1(b).

CASE 0:14-cv-01891-JRT-FLN   Document 8   Filed 10/24/14   Page 2 of 5

and directed, following a hearing, that Ruston be civilly committed under 18 U.S.C. § 4243.

Ruston is now civilly committed at the Federal Medical Center in Rochester, Minnesota ("FMC-

Rochester").

Although Ruston's amended habeas petition is somewhat unfocused, the petition can be

read as raising two broad claims challenging his continuing detention.  First, Ruston alleges that

the initial finding that he was not guilty by reason of insanity was invalid in several respects and

should therefore be vacated.  For example, Ruston argues that he was not competent to

knowingly, voluntarily, and intelligently enter a plea of not guilty by reason of insanity, and that

the trial court was without jurisdiction over his criminal case.  But Ruston "may not collaterally

attack his decision to assert a successful insanity defense." *Archuleta v. Hedrick*, 365 F.3d 644,

648 (8th Cir. 2004) (citing *Curry v. Overholser*, 287 F.2d 137, 139-40 (D.C. Cir. 1960)).  Simply

put, Ruston may not "relitigat[e] the initial finding that he was not guilty by reason of insanity"

through a habeas petition.  *Id*.  Any claim challenging the validity of the original determination

that Ruston was not guilty by reason of insanity must therefore be dismissed.

Second, Ruston claims (albeit indirectly) that even if the *initial* decision to detain him

was lawful, there is no legal basis to *continue* detaining him at FMC-Rochester, as he no longer

poses a substantial risk of bodily injury to, or serious damage to the property of, another person.[2]

*See* 18 U.S.C. § 4243(d).  Habeas corpus, however, "is an extraordinary remedy typically

available only when 'the petitioner has no other remedy.'" *Archuleta*, 365 F.3d at 648 (quoting

---

[2]To the extent that Ruston is contesting the *conditions* of his confinement at FMC-
Rochester or other federal facilities, such a claim is not cognizable in a habeas petition, but must
instead be brought in a civil-rights action.  *See Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir.
1996); *Taylor v. Roal*, No. 10-CV-3588 (PJS/JJG), 2010 WL 4628634, at *5 (D. Minn. Nov. 5,
2010).

*Taniguchi v. Schultz*, 303 F.3d 950, 955 (9th Cir. 2002)).  The statutes under which Ruston was

committed provide a procedure for a person in Ruston's situation to seek release from their

detention.  Specifically, "counsel for the person or his legal guardian may, at any time during

such person's commitment, file with the court that ordered the commitment a motion for a

hearing to determine whether the person should be discharged from such facility . . . ."  18

U.S.C. § 4247(h).  This alternative statutory remedy precludes habeas relief in this case.  *See*

*Archuleta*, 365 F.3d at 648-49.[3]

Finally, the Eighth Circuit has, in similar circumstances, described as "permissible and

appropriate" the transferring of a habeas petition to the district in which a motion under

§ 4247(h) must be brought.  *Id.* at 649.  Nevertheless, this Court recommends dismissal rather

than transfer of Ruston's petition.  Ruston is currently restricted from filing as a pro se litigant in

the Northern District of Texas.  This restriction extends to petitions for a writ of habeas corpus.

*See Ruston v. Cruz*, No. 3:11-cv-01863-D (N.D. Tex. filed July 29, 2011).  This Court also notes

that Ruston is currently represented in the proceedings in which the civil-commitment order was

entered (his most recent attorney filed a notice of appearance on July 15, 2014), and that nothing

is currently precluding Ruston's attorney or legal guardian from filing a motion under § 4247(h)

---

[3]Ruston has also filed a motion for a preliminary injunction "preventing any act of fraud, crime or retaliation during the pendency of this writ of habeas corpus, in the interest of justice." ECF No. 5 at 5.  Because this Court concludes that Ruston fails to state a viable claim in his habeas petition, it is recommended that Ruston's motion for a preliminary injunction be denied as moot.

in those proceedings.[4]  For those reasons, this Court recommends against transferring Ruston's

current pro se habeas petition to the Northern District of Texas.

Because it plainly appears from Ruston's petition that he is not entitled to relief, this

Court recommends that the petition be dismissed pursuant to Rule 4 of the Rules Governing

Section 2254 Cases in the United States District Courts.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS

HEREBY RECOMMENDED THAT:

1.     Petitioner Lester Jon Ruston's amended petition for a writ of habeas corpus [ECF

No. 2] be DISMISSED pursuant to Rule 4 of the Rules Governing Section 2254

Cases in the United States District Courts.

2.     Ruston's motion for a preliminary injunction [ECF No. 5] be DENIED AS

MOOT.

Dated: October 24, 2014                          _s/Franklin L. Noel_____
                                                 Franklin L. Noel
                                                 United States Magistrate Judge

---

[4]Ruston argues in his amended petition that he "has not had any opportunity to present
this claim since the district court which committed him cancelled the dangerousness hearing
scheduled for February of 2013." *See* Am. Pet. at 5 [ECF No. 2].  The Court notes that this
hearing was canceled by stipulation of the parties in order to allow Ruston an opportunity to
undergo further mental-health treatment and evaluation. *See Ruston*, No. 3:04-cr-00191-D-1,
ECF No. 324.

**NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 7, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A district judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.