## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| LESTER JON RUSTON, | Civil No. 14-1891 (JRT/FLN) |
| Petitioner, | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| v. | |
| WARDEN B.R. JETT, | |
| Respondent. | |

Lester Jon Ruston, #26834-177, Medical Center for Federal Prisoners, P.O. Box 4000, Rochester, MN  55903, *pro se*.

Ana H. Voss and D. Gerald Wilhelm, Assistant United States Attorneys, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN  55415, for respondent.

Petitioner Lester Jon Ruston ("Ruston") is currently civilly committed at the Federal Medical Center in Rochester, Minnesota ("FMC Rochester").  Respondent B.R. Jett ("Jett") is the Warden of FMC Rochester.  In 2004, Ruston was indicted in the Northern District of Texas for threatening a United States Magistrate Judge in violation of 18 U.S.C. § 115.  Although Ruston's actions satisfied the elements of the offense, Ruston and the government stipulated that he should be found not guilty by reason of insanity and Ruston was civilly committed.  On June 12, 2014, Ruston filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2241.  First, Ruston argues for various reasons that the initial civil commitment order is invalid.  In the alternative, Ruston alleges that his continued detention is without legal basis because he no longer

poses a substantial risk of bodily injury to, or serious damage to the property of, another person. Additionally, Ruston filed a motion for preliminary injunction on August 6, 2014.

On October 24, 2014, United States Magistrate Judge Franklin L. Noel issued a Report and Recommendation ("R&R") recommending the Court dismiss Ruston's amended petition for a writ of habeas corpus. Noel further recommended that Ruston's motion for preliminary injunction be denied as moot. Ruston objected to the R&R on two grounds. Even when Ruston's objections are taken into consideration, however, he may not challenge his own decision to assert a successful insanity defense by way of a habeas petition. Moreover, the availability of statutory remedies precludes Ruston from obtaining relief by way of a habeas petition. Therefore, the Court will adopt the R&R, dismiss Ruston's amended habeas petition, and dismiss as moot Ruston's motion for preliminary injunction.

## BACKGROUND

**I.     PROCEDURAL HISTORY AND CIVIL COMMITMENT**

On May 21, 2004, Ruston called the chambers of the Honorable Irma Ramirez, United States Magistrate Judge for the Northern District of Texas. *United States v. Ruston*, 565 F.3d 892, 894 (5th Cir. 2009). Ruston left a profane and threatening message on Judge Ramirez's answering machine, and was consequently indicted on one count of threatening a federal official in violation of 18 U.S.C. § 115. *Id.* Although his actions satisfied the elements of the offense, Ruston and the government stipulated that he should be found not guilty by reason of insanity (NGRI). (*United States v. Ruston*, Case

No. 3:04-cr-00191-D-1 (N.D. Tex.), Joint Stipulation of Fact, October 2, 2006, Docket No. 118.)

The court found Ruston not guilty by reason of insanity and he was committed to the custody of the Attorney General, pending a hearing pursuant to 18 U.S.C. § 4243(c). (*Id.*, Order, Oct. 16, 2006, Docket No. 121.)  The court held a Section 4243(c) hearing and ordered Ruston civilly committed, finding "by clear and convincing evidence that releasing the defendant from the custody of the Attorney General would likely create a substantial risk of bodily injury to another person or serious damage of property of another person due to [Ruston's] present mental disease or defect."  (*Id.*, Order, Mar. 28, 2007, Docket No. 159.)  Ruston is presently committed at FMC Rochester.

## II.   THIS PROCEEDING

On June 12, 2014, Ruston filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking immediate, unconditional release from custody. (Am. Pet., June 12, 2014, Docket No. 2.)  Ruston's petition appears to assert two general justifications for his request.  First, Ruston challenges the validity of his own initial plea of not guilty by reason of insanity.  Ruston argues various justifications for this, including that he was not competent to enter the plea, and that the court did not have jurisdiction over his criminal case.  (*Id.* at 3-6.)  Second, although he does not directly state this argument, Ruston's petition appears to argue in the alternative that his continued detention by way of civil commitment is unlawful because he no longer poses "a substantial risk of bodily injury to another person or serious damage of property of another." 18 U.S.C. § 4243(d); (*see also* Am. Pet. at 5 ("The committing court has used

criminals with motives to lie to make false claims Petitioner is dangerous.").) Additionally, on August 6, 2014, Ruston filed a motion for preliminary injunction to "prevent[] any act of fraud, crime or retaliation during the pendency of this writ of habeas corpus." (Mot. for Prelim. Injunction at 5, Aug. 6, 2014, Docket No. 5.)

On October 24, 2014, Magistrate Judge Noel issued an R&R recommending the Court deny Ruston's amended petition for writ of habeas corpus. (R&R at 4, Oct. 24, 2014, Docket No. 8.) The R&R further concluded that because Ruston failed to state a cognizable claim in his habeas petition, his motion for preliminary injunction should be denied as moot. (*Id.*) Ruston filed two objections to the R&R, both of which relate to the recommended dismissal of the habeas petition. (Pet'r's Objections to R&R ("Objections"), Nov. 3, 2014, Docket No. 9.)

## DISCUSSION

### I. STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

### II. COLLATERAL ATTACK ON SUCCESSFUL INSANITY DEFENSE

Ruston first objects to the Magistrate Judge's recommendation that the habeas petition be dismissed because Ruston "may not collaterally attack his decision to assert a

successful insanity defense." *Archuleta v. Hedrick*, 365 F.3d 644, 648 (8th Cir. 2004) (citing *Curry v. Overholser*, 287 F.2d 137, 139-40 (D.C. Cir. 1960)). Ruston claims that his plea of not guilty by reason of insanity was involuntary because it was "made under threats, duress and coercion." (Objections at 1.) Ruston asks the court to reach a holding similar to the one in *Duperry v. Kirk*, 563 F. Supp. 2d 370 (D. Conn. 2008). There, the court held Duperry's NGRI plea constitutionally invalid because it was not made knowingly and voluntarily. *Id.* at 388.

Although *Duperry* presented similar issues to those raised by Ruston, the two cases are distinguishable on their facts. Significantly, in granting the defendant's petition, the *Duperry* court was required under 28 U.S.C. § 2254(e)(1) to defer to the state court's factual conclusion that the petitioner had not entered his NGRI plea knowingly and intelligently. *Id.* at 384-85, 388. No similar lower-court determination binds the Court in this case. Moreover, the state court had concluded that the NGRI plea was not knowing and voluntary because of a procedural problem; the court that accepted the NGRI plea had failed to canvass the petitioner properly. *Id.* at 372-74. Here, Ruston does not allege any specific procedural defect that would render his plea involuntary. Instead, Ruston makes an array of general allegations, including that "the U.S. Attorney's Office has been used as a tool of crime and fraud by the State of Texas," and accuses the government of violating racketeering statutes in cooperation with Ruston's sister. (Decl. of Lester Jon Ruston ("Ruston Decl.") ¶¶ 6, 8, June 25, 2014, Docket No. 3.)

Moreover, the precedential authority of the Connecticut District Court's holding is persuasive at best. The Eighth Circuit Court of Appeals has held that an individual in

Ruston's situation "may not collaterally attack his decision to assert a successful insanity defense." *Archuleta*, 365 F.3d at 648 (citing *Curry*, 287 F.2d at 139-40). To entertain Ruston's argument would be to allow him to improperly "relitigat[e] the initial finding that he was not guilty by reason of insanity" by way of a habeas petition. *Id.* Accordingly, the Court concludes that the Magistrate Judge correctly applied Eighth Circuit precedent in recommending dismissal of Ruston's habeas petition, and therefore will overrule Ruston's first objection.

### III.   AVAILABILITY OF STATUTORY REMEDY

Ruston's second objection relates to his claim that even if his initial commitment was valid, his continued detention at FMC Rochester is not. Specifically, Ruston objects to the Magistrate Judge's finding that "Ruston is currently represented in the proceedings in which the civil-commitment order was entered." (Objections at 1.)

As to Ruston's underlying claim that his continued detention is illegal, the Eighth Circuit has held that "habeas corpus is an extraordinary remedy typically available only when 'the petitioner has no other remedy.'" *Archuleta*, 365 F.3d at 648 (quoting *Taniguchi v. Schultz*, 303 F.3d 950, 955 (9th Cir. 2002)). Here, Ruston does have a clear statutory remedy available to him. 18 U.S.C. § 4247(h) provides civilly committed individuals like Ruston with a mechanism to seek discharge by way of a motion filed by the individual's counsel or legal guardian. That is, "counsel for the person or his legal guardian may, at any time during such person's commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility . . . ." 18 U.S.C. § 4247(h).

The language of Section 4247(h) requires that relief be sought in the court that issued the commitment order. The Eighth Circuit has interpreted this language to mean that "[o]nly [the committing] court, not the Warden . . . may grant the statutory relief he seeks." *Archuleta*, 365 F.3d at 649. In this case, the committing court is the Northern District of Texas. (*Ruston*, Order, Mar. 28, 2008, Docket No. 159.) The Eighth Circuit further directed that in these circumstances, a transfer of the petition "is both permissible and appropriate." *Archuleta*, 365 F.3d at 649.

The Magistrate Judge recommends against transferring this case to the Northern District of Texas, however, because Ruston is currently restricted from filing *pro se* pleadings in the Northern District of Texas, absent leave from a district or magistrate judge. (*Ruston*, Order at 2, Nov. 10, 2010, Docket No. 294.) Moreover, a review of the docket shows that Ruston is currently represented in the proceedings in the Northern District of Texas in which his commitment was initially ordered. His attorney in that matter, Jason D. Hawkins of the Federal Public Defender's office, filed a notice of appearance on July 15, 2014. (*Id.*, Notice of Att'y Appearance, July 15, 2014, Docket No. 344.)

In his objection, Ruston argues that he has "never been served a copy of any 'notice of appearance.'" (Objections at 1.) Regardless of whether Ruston has received proper notice from the District Court of the notice of appearance filed by his attorney, and despite the fact that Ruston is currently prohibited from filing ***pro se*** in the Northern District of Texas, he **is** represented in the civil commitment matter and there is consequently nothing preventing Ruston's attorney from filing a motion in Texas under

- 7 -

Section 4247(h). As to this case, relief by way of a habeas petition is precluded due to the availability of the Section 4247(h) statutory remedy and transfer to the Northern District of Texas is inappropriate because of the bar on filings by Ruston and the fact that he is already represented. The Court will overrule Ruston's second objection.

## CONCLUSION

The Court will overrule both of Ruston's objections, adopt the R&R, and dismiss Ruston's amended petition for writ of habeas corpus. In addition, because the Court will dismiss the underlying petitioner in this case, the Court will also dismiss Ruston's preliminary injunction motion as moot.

## ORDER

Based on the foregoing, and the records, files, and proceedings herein, the Court **OVERRULES** Ruston's objections [Docket No. 9] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated October 24, 2014 [Docket No. 8]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Ruston's amended petition for a writ of habeas corpus [Docket No. 2] is **DISMISSED with prejudice**.

2. Ruston's motion for a preliminary injunction [Docket No. 5] is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 17, 2015　　　　　　　　＿＿＿s/ John R. Tunheim＿＿＿
at Minneapolis, Minnesota.　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　United States District Judge